UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KELLY MANTERIS,

    Plaintiff,

vs.

WAL-MART STORES, INC., A Delaware corporation, et al.,

    Defendants.

2:11-CV-00045-PMP-PAL

**ORDER RE: DOC #84**

    Before the Court for consideration is Plaintiff's fully briefed Motion in Limine to Exclude (1) Undercover Surveillance Videos of Plaintiff, Her House, Her Neighborhood, Her use of Cigarette and Her Automobile, and (2) all References to Plaintiff Smoking Cigarettes (Doc. #84).

    Plaintiff contends use of the videos at issue is irrelevant and would prejudice Plaintiff because they simply show Plaintiff's "lovely house" in a "nice neighborhood" and her "attractive automobile" all of which Plaintiff contends are irrelevant to whether Plaintiff slipped, fell and was injured at Wal-Mart. Plaintiff further argues that videos showing Plaintiff Manteris smoking cigarettes, or testimony regarding the smoking of cigarettes should be excluded at trial as they are irrelevant to the neck injuries she sustained as a result of her fall at Wal-Mart.

    Defendants respond that Plaintiff has cited no legal authority to support her motion, and that she ignores important facts which make the surveillance videos in question

admissible at trial.  Specifically, Defendant contends that although Plaintiff claims she is always in pain whether sitting, standing or walking, and because her daily life and work routine has been substantially impaired by the injuries she suffered in her fall at Wal-Mart, the video surveillance is admissible as it depicts Plaintiff standing and walking, performing numerous work functions and bending to enter her car, and performing other physical tasks without signs of impairment.  With respect to the use of cigarettes, Defendants argue that even Plaintiff's own surgeon, Dr. Grover, has testified that patients who smoke during the course of fusion surgery faced an increased failure rate, and that he had specifically recommended that Plaintiff cease smoking.

The Court finds Plaintiff's Motion must be denied for the reasons set forth in Defendant's Response.

**IT IS THEREFORE ORDERED** Plaintiff's Motion in Limine to Exclude (1) Undercover Surveillance Videos of Plaintiff, Her House, Her Neighborhood, Her use of Cigarette and Her Automobile, and (2) all References to Plaintiff Smoking Cigarettes (Doc. #84) is **DENIED**

DATED: December 18, 2012.

PHILIP M. PRO
United States District Judge