UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KELLY MANTERIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., A Delaware corporation, et al.,<br><br>　　　　Defendants. | 2:11-CV-00045-PMP-PAL<br><br>**ORDER RE: DOC #91** |

Before the Court for consideration is Plaintiff's fully briefed Motion in Limine to Exclude (11) to Exclude Evidence of (A) Insurance and Physicians' Liens Under Fed. R. Evid. 403 and the Collateral Source Rule:(B) Arguments or Evidence Asserting "Medical Build-Up" or "Attorney Driven Litigation;" (C) Arguments or Evidence Addressing When Plaintiff's Counsel was Retained; (D) Argument or Evidence Relating to Allegations of Plaintiff's Secondary Gain; and, (E) Evidence or Comments by Wal-Mart Stores, Inc.'s Experts Relating to Ms. Manteris' Credibility (Doc. #91).

By this Motion, Plaintiff seeks to preclude admission at trial of four categories of evidence:

1. Evidence of Plaintiff's Physician's Liens,
2. Evidence or Argument that Plaintiff retained counsel before seeking medical treatment,
3. Expert testimony regarding Plaintiff's credibility, and
4. Evidence or argument of a secondary gain motivation.

///

The Court hereby enters the following rulings regarding each of the sub-categories of relief requested in Plaintiff's Motion:

1. The Court finds evidence of Plaintiff's Physician Liens should be excluded from evidence before the jury at trial. In accord with Nevada's Collateral Source Rule, and because evidence of Plaintiff's physician liens is irrelevant to whether Plaintiff mitigated damages and also is irrelevant to the issue of whether Plaintiff's medical care was necessary.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine is **GRANTED** to the extent it seeks to exclude evidence of Plaintiff's physician liens.

2. While it appears that Defendant consulted with an attorney before seeking medical care, there is no evidence before the Court that Plaintiff's attorney directed her medical care for a "litigation driven medical build-up." Whether Plaintiff received medical treatment and incurred medical expenses which were not necessary can't be determined from the medical expert testimony proffered at trial. The timing of the retaining of Plaintiff's attorney is simply not relevant.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine is GRANTED to the extent it seeks to exclude evidence or argument that Plaintiff retained counsel before seeking medical treatment.

3. Plaintiff next argues that Defendant should be prevented from eliciting expert testimony regarding Plaintiff's credibility. As a general proposition, of course, such testimony would be improper. However, on the record thus far established in this case, it is unclear as to precisely what specific testimony of Defendant's experts Plaintiff seeks to exclude. For example, Defendant's experts clearly would not be precluded from offering testimony concerning Plaintiff's recitation of her pre-medical history. If all of the evidence in the case demonstrates that Plaintiff gave false testimony regarding her medical history to Defendant's medical experts, such testimony would be admissible and subject to argument

by counsel on the question of Plaintiff's credibility.  Additionally, Defendant's medical experts could also explain the degree to which they relied upon Plaintiff's statements informing their medical opinions.  This is far different from Defendant's experts opining that Plaintiff is a "liar" or in some other argumentative manner offering a pejorative characterization of her credibility.  The Court will therefore deny Plaintiff's Motion in Limine to Exclude Defendant's Experts Testimony Regarding Plaintiff's Credibility to the extent outlined above and will defer further ruling on any testimony of Defendant's experts in this area until the time of trial at which point an appropriate evidentiary objection may be asserted by counsel for Plaintiff and the Court will be in a position to rule on such objection in the context of the overall presentation of evidence at trial.

**IT IS SO ORDERED.**

4. The final phase of relief requested by Plaintiff's Motion in Limine is not capable of pretrial determination at this stage.  The Court cannot determine whether Defendant has or intends to offer evidence at trial of a secondary gain motivation on behalf of Plaintiff.  Therefore, the Court will DENY this portion of Plaintiff's Motion in Limine without prejudice to renew the argument at the time of trial in the context in which any evidence of secondary gain motivation is offered by Defendants.

**IT IS SO ORDERED**.

DATED: December 19, 2012.

_____
PHILIP M. PRO
United States District Judge